(No. 37796.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GLORIA STOLLAR, Plaintiff in Error.

*Opinion filed May 20, 1964.—Rehearing denied September 25, 1964.*

BELLOWS & PICKARD, of Chicago, (JASON E. BELLOWS and SHERMAN C. MAGIDSON, of counsel,) for plaintiff in error.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is a writ of error to review a judgment of the probate court of Cook County which found the respondent, Gloria Stollar, guilty of contempt of court and sentenced her to imprisonment in the county jail for 18 months. The

respondent does not challenge the sufficiency of the proof to establish her guilt, but contends that her constitutional rights were violated because the trial court erred in failing to conduct a hearing to determine her sanity, because she was induced by promises of leniency to admit the charges made against her, and because the request of her attorney for a continuance was denied. She also contends that the sentence was excessive upon the facts, and that it exceeded the permissible statutory maximum.

Harry Stollar, the respondent's husband, died May 9, 1959. He left the bulk of his estate to their daughter, Jacqueline, who was then five years old. The respondent was appointed guardian of her daughter's estate. On July 15, 1959, she filed her inventory as guardian, showing assets in the form of cash in the sum of $47,784.90. Of this amount, $81.09 remained on July 13, 1962. In addition, she received the proceeds of two insurance policies payable to Jacqueline in the total sum of $24,296.05, which were not included in the inventory that she filed as guardian. The bank account in which she deposited this amount was closed on June 8, 1960, by the last withdrawal in the sum of $5100.

On September 24, 1962, the attorney who represented the respondent as guardian filed a petition reciting that she had refused to cooperate with him, alleging his belief that she had withdrawn considerable moneys from the minor's estate over and above the amounts authorized by orders of the court, and asking leave to withdraw his appearance as attorney for the guardian. Notice of this petition had been mailed to the respondent on September 4, 1962. A guardian *ad litem* was appointed to investigate the allegations of the petition. The report of the guardian *ad litem* disclosed the condition of the estate and the existence of the two insurance policies that had not been inventoried. A rule to show cause was issued, hearings were conducted and the judgment under review was entered.

The rule to show cause was returnable November 2,

1962. The respondent did not appear on that date. Later it was learned that she had given birth to a child on November 1, 1962, and was hospitalized. The hearing on the rule to show cause was continued to November 13, 1962. The contention that a sanity hearing was required was not raised in the trial court by the attorney who represented the respondent. As asserted now, it is based upon two statements made during the course of the proceedings. The first was made by an assistant state's attorney on November 9. He said: "The record will show that the reason why she failed to appear was that she was suffering from an emotional disturbance * * * and we were not given the information as to what hospital or where she was." The second statement was made by the guardian *ad litem* on November 13, at the outset of the hearing on the rule to show cause. He said: "I have come to the court, not only on behalf of the minor, but wish to relate for the father of Mrs. Stollar, who was on one former occasion before Judge Cooney, and pleaded that Mrs. Stollar has been emotionally disturbed and upset and that some mercy should be given to her and that she should be examined and cared for by a psychiatrist." Both of these remarks must be appraised in the context of all that transpired before the court, and particularly in view of the desire of the respondent, expressed by her father, to keep the birth of the child from being a "public record." So appraised, we are of the opinion that they can not fairly be taken as indicating that anyone connected with the proceeding in the trial court thought that the mental condition of the respondent was such that a sanity hearing was indicated. The attorney who represented respondent there made no such suggestion, and the written motion for a new trial that he filed made no such claim.

The motion for a new trial, however, did assert that the defendant's constitutional rights were violated because the court refused to grant her sufficient time to prepare her defense and because the guardian *ad litem* misled the re-

spondent into what amounted to a plea of guilty by the representation that he would recommend leniency. No request for a continuance was made before the hearing commenced. After the respondent had testified for some time, her attorney requested "a short continuance." The court immediately adjourned the proceedings until three o'clock in the afternoon. On the following morning, when her attorney asked for a continuance "to give me time to prepare my case," the request was denied.

At the outset of the hearing, the guardian *ad litem* represented to the court, in the presence of respondent and her attorney, that her attorney had agreed that if the record so warranted, he would "consent and agree to vacating the order of appointment of Mrs. Stollar as guardian. If there is a finding of fraud of both the inventory and the current account, he is still willing to leave it up to the mercy of the court as to any judgment or punishment that Mrs. Stollar should receive." He then continued with the statement that has been quoted earlier in this opinion. The court inquired as to whether this statement was satisfactory to Mrs. Stollar and then announced that it was satisfactory both to her and to her attorney. Moreover, the plaintiff in error testified that she had voluntarily indicated that she was willing to inform the court of all that had occurred in the performance of her duties as guardian of the estate and to place herself on the mercy of the court. She testified that she was not coerced to do this and that the court had made no promise that the judgment and punishment of the court "will be any less than you should receive."

These circumstances do not, in our opinion, indicate that the respondent was prevailed upon by promises of leniency to testify concerning her management of her daughter's estate, or that the trial court erred in refusing a continuance after the hearing had commenced.

The respondent's contention that the sentence of 18 months exceeded the maximum permitted by statute is based

upon that portion of section 1—7 of the Criminal Code of 1961 which provides, "The court in imposing sentence upon an offender convicted of an offense for which no penalty is otherwise provided may sentence the offender to a term of imprisonment not to exceed one year or a fine not to exceed $1,000, or both." (Ill. Rev. Stat. 1961, chap. 38, par. 1—7.) The respondent reads this provision as limiting the permissible sentence that may be imposed for contempt of court. But that it relates only to those offenses defined in the Code, and does not apply to contempt of court is, in our opinion, made clear by section 1—3: "No conduct constitutes an offense unless it is described as an offense in this Code or in another statute of this State. However, this provision does not affect the power of a court to punish for contempt or to employ any sanction authorized by law for the enforcement of an order, civil judgment, or decree." Ill. Rev. Stat. 1961, chap. 38, par. 1—3.

To establish the excessiveness of the sentence, considered not as a matter of law but in the light of the facts disclosed by the record, the respondent argues that the mishandling of her daughter's estate was not due to a conscious attempt to commit a theft, but was due rather to her belief that her daughter's money was indistinguishable from her money, and to her lack of business knowledge. The record shows, however, that she understood what she was doing. The agent for the insurance company that had issued the two policies payable to her daughter, which the respondent had concealed, testified that she offered him the sum of $2000 if he would see that the checks in payment of the policies were made payable to her individually rather than as guardian of her child's estate. She admitted this. In addition, in arranging for the transfer of other funds into an account from which she was able to withdraw without court approval, she executed false affidavits stating that certain bank books had been lost, when she knew they were in the possession of her attorney. This, too, she admitted. And to

bring about the transfer of these deposits she hired a lawyer other than the attorney who represented her as guardian. In the light of these circumstances, we can not say that the trial court abused its discretion in imposing sentence.

.The judgment of the probate court of Cook County is affirmed.

*Judgment affirmed.*