(No. 39768.— )

THE PEOPLE *ex rel.* Gloria Stollar, Appellant, *vs.* RICHARD B. OGILVIE, Sheriff, Appellee.

*Opinion filed Nov. 14, 1966.—Rehearing denied Jan. 17, 1967.*

WARD, J., took no part.

BELLOWS, BELLOWS & MAGIDSON, of Chicago, for appellant.

DANIEL P. WARD, State's Attorney, of Chicago, (EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Gloria Stollar was found guilty of contempt of court in the former probate court of Cook County and sentenced to imprisonment in the county jail for a term of 18 months. No request was made for trial by jury. That judgment was affirmed by this court. (*People* v. *Stollar,* 31 Ill.2d 154.) Subsequently, she filed a petition for a writ of *habeas corpus* in the circuit court of Cook County which, on motion of respondent, was dismissed. An appeal from that dismissal comes directly here. Ill. Const., art. VI, sec. 5, our Rule 28—1.

The sole question presented for our consideration is whether there exists a constitutional right to trial by jury in a criminal contempt case, particularly where the ultimate penalty imposed may be greater than one year's imprisonment.

We have only last term, in *People* v. *Bloom,* 35 Ill.2d 255, reaffirmed our theretofore consistently maintained position that the right to trial by jury is not available in a proceeding for criminal contempt. We noted that a criminal contempt is an offense against the court as an organ of public justice and the necessity for a summary proceeding for punishment of such offenses is essential to performance of the judicial function. We reviewed at some length the applicable law in this area and stated that "* * * the exercise of summary contempt power is not restricted to offenses that may be classified as 'trivial' or 'petty' but applies as well—perhaps its exercise is even more important— where the offense is a serious one. (*United States* v. *Barnett,* 376 U.S. 681, 12 L. Ed. 2d 23.) Since there now exists a right of review in contempt proceedings, adequate protection is afforded against errors and abuses in a trial before the judge."

We are mindful of the *dictum* in *Barnett* indicating that some of the members of the United States Supreme Court "are of the view that, without regard to the seriousness of the offense, punishment [of contempt of court] by summary trial without a jury would be constitutionally limited to that penalty provided for petty offenses" (376 U.S. 681, f.n. 12, 12 L. Ed. 2d 23, 31, 84 S. Ct. 984, 991-92,) and are also cognizant of the fact that the United States Supreme Court, acting under its supervisory power over the lower Federal courts, has ruled that "* * * sentences exceeding six months for criminal contempt may not be imposed by federal courts unless a jury trial has been received or waived." (*Cheff* v. *Schnackenberg,* 384 U.S. 373, 16 L. Ed. 2d 629, 634, 86 S. Ct. 1523, 1526.) Moreover, at

least two justices of that court are of the opinion that trial by jury is required in all criminal contempt cases before punishment may be imposed. (*Cheff* v. *Schnackenberg,* 384 U.S. 373, 86 S. Ct. 1523, 1526, dissenting opinion of Mr. Justice Douglas.) However, we are not persuaded that it is either necessary or desirable to require trial by jury in criminal contempt cases and thus alter the existing law of this State. We therefore adhere to the principles recently announced in *Bloom.*

The judgment of the circuit court of Cook County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.