PER CURIAM.
Appellant seeks reversal of an order adjudging him to be in contempt of court and imposing a sentence of four months in the county jail and a fine of $250.00.
The court found, after considering conflicting testimony, that appellant attempted to influence a member of the grand jury concerning a matter being investigated by that body.
*516 The hearing resulting in the contempt order was held without a jury although appellant made a written demand for a jury trial. Appellant’s first ground for reversal asserts error in failure to grant his motion for a jury trial. Although Florida Criminal Procedure Rule 1.840(a) (4), 33 F.S.A., relating to indirect criminal contempt, provides that all issues of law and fact shall be heard and determined by the judge in such actions, appellant contends the rule is invalid under the state and federal constitutional provisions for jury trial. That argument was rejected by the court in Cheff v. Schnackenberg, 384 U.S. 373, 380, 86 S.Ct. 1523, 1526, 16 L.Ed.2d 629, 634 (1966), wherein it stated:
“. . . Since Cheff received a sentence of six months’ imprisonment [citation omitted], and since the nature of criminal contempt, an offense sui ge-neris, does not, of itself, warrant treatment otherwise [citation omitted], Cheff’s offense can be treated only as ‘petty’ in the eyes of the statute and our prior decisions. We conclude therefore that Cheff was properly convicted without a jury. . . .”
The decision in Cheff, supra, was cited with approval by the court in a more recent case, Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), wherein the court set aside a two-year sentence imposed for indirect criminal contempt because there was no jury trial, but the court made it clear that it was adhering to the rule that if a contempt is ‘petty’ as evidenced by the imposition of a sentence of six months or less, no jury trial is required.
Additional points raised by appellant have been considered by the court, but our deliberation has convinced us that they are without substantial merit. See Barton v. State, 193 So.2d 618, 626 (Fla.App.1967); Sadler v. State, 222 So.2d 797 (Fla.App.1969); Peel v. State, 154 So.2d 910 (Fla.App.1963); and State v. Sebastian, 171 So.2d 893 (Fla.1965).
No reversible error having been demonstrated, the judgment herein is affirmed.
SPECTOR, C. J., JOHNSON, J., and MILLS, E. R., Jr., Associate Judge, concur.