294 So.2d 365 (1974)
MIAMI HEALTH STUDIOS, INC., a Florida Corporation and George A. Webber, Jr., Their Agents, Officers, Directors, Servants, and Employees, Appellants,
v.
STATE of Florida ex rel. Richard E. GERSTEIN, As State Attorney for the Eleventh Judicial Circuit of the State of Florida, Appellee.
No. 73-1027.
District Court of Appeal of Florida, Third District.
May 14, 1974.
*366 Paul F. Gerson, Miami Beach, for appellants.
Richard E. Gerstein, State's Atty., Leonard Rivkind, Sp. Asst. State's Atty., for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants seek review of a final judgment entering permanent injunction and an order of contempt.
On December 28, 1972 plaintiff-appellee, the State of Florida, filed a complaint seeking to abate a nuisance and to enjoin the defendant-appellants, Miami Health Studios, Inc. and its manager, George A. Webber, Jr., from operating a massage parlor open to the public and located at 517 Arthur Godfrey Road, Miami Beach, Florida, wherein the defendants on various occasions allegedly offered for monetary consideration to perform certain illegal services, to wit: Masturbation of male customers by the female employees of the defendants. After a notice and hearing thereon, a temporary injunction on February 20, 1973 was entered enjoining defendants and their employees from offering to render or rendering such services upon the business premises located on Arthur Godfrey Road and anywhere in the State of Florida. Thereafter, plaintiff filed an amended complaint and defendants in response thereto filed a motion to dismiss. Following the filing of respective memoranda of law by both parties, the motion was denied and defendants filed their answer. Subsequent thereto, the cause was set for trial on July 30, 1973 and, in addition, the trial court issued an order to show cause why defendants should not be held in contempt for violation of the February 20, 1973 temporary restraining order. After a consolidated hearing was held on the amended complaint for permanent injunction and the contempt order, the trial judge issued a permanent injunction permanently enjoining and restraining the defendants and their employees from performing or offering to perform as a service to their customers at the place of business operated by the defendant, Miami Health Studios, Inc., at Arthur Godfrey Road, Miami Beach, "masturbation, manipulation or massaging of the penis or genital area of the customer, whether by hand or mechanical device, massaging or manipulation *367 of the anus of the customer, whether by hand or mechanical device or any other lewd or lascivious act." The above injunction was made applicable throughout the entire state. The trial court also found the defendants to be guilty of willfully violating the temporary injunction entered on February 20, 1973 and thereupon fined defendant Miami Health Studios, Inc. $2,500, defendant George Webber, Jr. $2,500 and then sentenced him to six months in the county jail. Defendant-appellants appeal therefrom.
With respect to the final judgment entering permanent injunction, we have carefully considered the record, all points raised in briefs and the arguments of counsel in the light of controlling principles of law and find error only with regards to the geographical limits thereof. The territorial limits of an injunction must run within the geographical limits of the jurisdiction in which the action was brought to trial. 17 Fla.Jur. Injunctions § 74.1 (1958). Thus, it was error to make the above injunction applicable throughout the state and, therefore, we must remand the judgment for modification in accordance herewith. In all other respects the judgment entering permanent injunction is affirmed.
Turning our consideration to the contempt order we find the six-month jail sentence of defendant-appellant George Webber, Jr. contained therein to be invalid. Criminal contempt is a crime under Florida law, with the possible maximum punishment exceeding six months' imprisonment; if the trial judge contemplates the imposition of a sentence of six months' imprisonment, or greater, he must empanel a jury to try the facts, unless the defendant has made a waiver thereof. Aaron v. State, Fla. 1973, 284 So.2d 673. In the case subjudice, there being no waiver of a jury trial, the six-month sentence of defendant Webber is hereby reversed and the cause remanded with directions to the trial judge to empanel a jury to try the facts. In addition, the $2,500 fines assessed against each of the defendant-appellants are excessive as the maximum penalty for criminal contempt is one year imprisonment and a fine of $500. Aaron, supra. Therefore, we remand the contempt order to modify the levy of fines against the defendants in accordance herewith.
Affirmed in part, reversed in part and remanded with directions.