PER CURIAM.
This is an appeal by the defendants, Gayety Theatres, Inc., d/b/a Pussycat Theatre, and Leroy Griffith, from an order adjudicating them to be in contempt of court
“ . . . for their willful failure to comply with this Court’s February 14, 1975 order by failing to advertise the film ‘DEEP THROAT’ with the legends ‘REVISED VERSION’ or ‘EDITED VERSION’ in type at least one-half as large as the largest type in their advertisements.”
The defendants were sentenced to pay a fine of $3,000.00. In default of payment of the fine, defendant- Griffith is to serve 5 days in the Dade County jail.
The record reflects that these proceedings were commenced in 1973, culminating in a restraining order on March 15,1974, enjoining the showing of the motion picture “Deep Throat” at any of the defendants’ places of business in Dade County, Florida. Subsequently, it was brought to the attention of the trial court that the defendants were, in fact, showing the film. Upon the representation of defendants’ counsel that the film being shown was a simulated version and that the explicit sexual scenes had been deleted, an agreed order was entered on February 14,1975, and signed by counsel for the defense and for the prosecution. That order provided:
“Upon such representation and with consent of counsel, accordingly, it is Ordered that on all advertisements, bill boards, placards, Marquees and all other advertising matter that there be included therein the legend ‘REVISED VERSION’ or ‘EDITED VERSION’ and that the letters of said legend be at least one half as high as the highest print in any such advertising material.”
In September of 1976, the State filed a petition for rule to show cause alleging that the defendants’ advertisements were in violation of the February 14, 1975, order in that:
“a. From August 4-August 9; August 11-August 17; and August 20-Septem-ber 3, 1976, advertisements appeared in the Miami Herald for the PUSSYCAT THEATER (sic) for the showing of the film ‘DEEP THROAT’ with no legends in the advertisements indicating either ‘REVISED EDITION’ or ‘EDITED EDITION.’
b. From September 5-September 11, 1976, advertisements appeared in the Miami Herald for the PUSSYCAT THEATER (sic) for the showing of the film ‘DEEP THROAT’ with the legend ‘REVISED’ appearing at the bottom of the advertisements, below the title of a second film, and in letters less than one-half as high as the highest print in the advertisements.”
*831 The court issued a rule to show cause. Following an evidentiary hearing, the defendants were adjudicated to be in contempt of the order of the court, and were sentenced. This appeal ensued.
As their first point on appeal, the defendants contend that the court erred in finding them in contempt in the absence of evidence showing a willful or intentional violation of the court order. Our review of the record indicates that there was evidence that on numerous occasions during the months of August and September, 1976, defendants’ advertisements appeared in the Miami Herald, a newspaper of general circulation in the community, with only the word “revised” added, or without any reference at all to the legends “revised version” or “edited version” as specifically required by the court order.
In our opinion, the defendants’ argument that there was no showing of willful disregard for the order is without merit. They claim that they instructed the Miami Herald to include the word “revised” in their advertisements, and that they were unaware that the Herald was printing their advertisements without the addition of the word “revised;” and further, that as soon as they were put on notice of the noncompliance by the office of the State Attorney, that they again instructed the Miami Herald to correct the advertisements by inserting the word “revised.” The addition of the word “revised” is not what the order requires. Moreover, the defendants were under an obligation to continuously check their advertisements to be certain that the required language appeared in each one. If the legend had been omitted, the advertisement should have been corrected immediately or else discontinued. Therefore, the trial court did not err in finding that the defendants did willfully disobey the order of February 14, 1975, and in entering an adjudication of contempt.
From the record in this case, the defendants were guilty of an indirect criminal contempt. However, it does appear that the fine imposed on the defendants is excessive and must be reduced. The maxi-
mum penalty for criminal contempt is one year imprisonment and a fine of $500.00. Aaron v. State, 284 So.2d 673 (Fla.1973); Miami Health Studios, Inc. v. State ex rel. Gerstein, 294 So.2d 365 (Fla. 3rd DCA 1974); Section 775.02, Florida Statutes (1975). Therefore, the adjudication of contempt is affirmed and the cause is remanded to the trial court to modify the sentence, reducing the fine to no more than $500.00.
The remaining points on appeal are without merit and will not be discussed.
Affirmed and remanded for modification.