414 So.2d 1117 (1982)
Herman KELLY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-605, 81-1606.
District Court of Appeal of Florida, Fourth District.
June 2, 1982.
*1118 Richard L. Jorandby, Public Defender, Anthony Calvello, Asst. Public Defender, West Palm Beach, and Herman Kelly, pro se, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Trela J. White, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appellant plead guilty to the charge of robbery with a firearm and was originally sentenced to the Division of Corrections for a period of five years to be followed by three years of probation. At the sentencing hearing the trial court alluded to the fact that appellant would have to serve a mandatory minimum of three years in prison. The written sentence, however, did not refer to a mandatory minimum.
Appellant, both pro se and through counsel, filed an appeal, various writs, and several motions in the trial court, in this court, and in the Supreme Court of Florida, all attacking his original sentence. On two occasions while appellant's appeal from sentencing reposed in this court the trial court entered written corrected sentences which not only included mandatory minimum language but also increased the length of appellant's prison term. Neither of the subsequent written sentences can stand because the trial court lacked jurisdiction to correct the sentence which was on appeal here. See Jones v. State, 400 So.2d 204 (Fla. 4th DCA 1981); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980).
Nevertheless, the mandatory minimum applies to appellant and is a valid part of his sentence because the written sentence is merely a record of the actual sentence pronounced in open court. Fla.R. Crim.P. 3.700. As stated in Toombs v. State, 404 So.2d 766, 768 (Fla.3d DCA 1981), "[the] oral pronouncement, although not reflected in the written sentence order, controls." In the instant case, then, the trial court's oral announcement that appellant would be required to serve a mandatory minimum takes precedence over the written sentence which omits that condition.
Further, Section 775.087(2), Florida Statutes (1981), provides that a person convicted of certain crimes and who had in his possession a firearm "shall be sentenced to a minimum term of imprisonment of 3 calendar years ... [and shall not] be eligible for parole or statutory gain-time ... prior to serving such minimum sentence." Thus, appellant's original sentence to five years in prison complied with the three year minimum sentence mandated by the statute. Failure to include mandatory minimum language in the written sentence, although preferable, was not fatal to implementation of Section 775.087(2). Rather, the statute is self executing so that any defendant meeting its criteria will not be eligible for release from prison prior to serving the minimum sentence required.
Appellant initially sought relief under Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981), and subsequently withdrew that application. This opinion shall be without prejudice to appellant's right to renew his application for relief under Villery in the trial court if he is so inclined.
Our disposition of these matters renders appellant's additional points moot.
We reverse the corrected sentence and remand with instructions to the trial court to reinstate the initial sentence, amended to include reference to the mandatory minimum period, to properly reflect the sentence originally pronounced in open court.
*1119 REVERSED and REMANDED with INSTRUCTIONS.
WALDEN, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.