ANSTEAD, Chief Judge.
The petitioner, Joseph Prycodzien, seeks to prohibit the trial court from trying him for grand theft without a jury. We grant the petition and hold that the petitioner is entitled to a trial by jury.
Prycodzien was charged with grand theft, a third degree felony which is punishable by up to five years in prison, a five thousand dollar fine, or both. His request for a jury trial was denied, but the trial judge promised to sentence Prycodzien to no more than six months in the county jail upon conviction.
The right to trial by jury is protected by article I, section 22, of the Florida Constitution and the Sixth Amendment to the United States Constitution. The attorney general, on behalf of respondent, contends that Aaron v. State, 284 So.2d 673 (Fla.1973) sanctions the trial court’s denial of a jury trial. Respondent contends that Aaron holds that a defendant who is accused of a crime with possible maximum punishment greater than six months’ imprisonment can be denied a jury trial so long as the judge does not contemplate a sentence greater than six months. We disagree and believe the Aaron holding, in any case, is limited to its facts, i.e., a trial for contempt of court.
To construe the Aaron holding as broadly as respondent contends would bring the Florida Supreme Court in conflict with the constitutional rule stated in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 *416 L.Ed.2d 491 (1968), which reversed a conviction and sixty-day sentence imposed without a jury trial. The court held that a jury trial was necessary because, although the defendant had been sentenced to less than six months in jail, the legislature had established a two-year maximum sentence for his offense. The maximum sentence, not the sentence actually imposed, was the criterion used to determine whether Duncan had a right to a jury trial. In Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), the court specifically noted that the sentence actually imposed must be used as the criterion only if the legislature had not set a maximum penalty.
The maximum penalty for grand theft is five years. Thus, in spite of the trial court’s announced intention to sentence Prycodzien to six months or less upon conviction, we believe Prycodzien has a constitutional right to a jury trial. A holding to the contrary would turn the criminal justice system on its head and subject the right to a jury trial to the discretion of a trial judge who, instead of reserving consideration of sentencing until after conviction, could now make a pre-trial sentencing decision and dispense with jury trials accordingly. We do not believe the Florida Supreme Court in Aaron intended any such result at the time it was grappling with the complex procedural issues involved in contempt proceedings.
Although we grant the petition we defer issuance of the writ, confident that the trial court will proceed in accord with this opinion.
LETTS and HURLEY, JJ., concur.