472 A.2d 617

**COMMONWEALTH of Pennsylvania**

**v.**

**Ramsey CLARK, Esquire, Charles A. Glackin, Esquire, Michael C. Shields, Esquire, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 4, 1983.

Filed Jan. 27, 1984.

Reargument Denied April 3, 1984.

Petition for Allowance of Appeal Denied Oct. 2, 1984.

6

A. Richard Gerber, Norristown, for appellants.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

This appeal is from an order denying appellants' motion to dismiss proceedings[1] against them for direct criminal contempt.[2] The basis for the motion was the Commonwealth's alleged failure to comply with the 180-day time limit for trial under Rule of Criminal Procedure 1100(a)(2). The sole issue before us is whether Rule 1100 applies to cases of direct criminal contempt. We hold that it does not.[3]

1. The order is interlocutory, but was certified for immediate appeal by the court below. *See* 42 Pa.C.S. § 702(b). This court then granted appellants' petition for permission to appeal. *See* Pa.R.A.P. 1311(b).

2. Appellants make occasional references in their brief to indirect contempt, although it is not clear whether they actually contend that they are charged with indirect contempt. In any event, we regard the question certified to this court as involving only direct contempt. At the hearing on appellants' petition to certify, the judge specifically stated that his ruling was that Rule 1100 does not apply to direct criminal contempt, and counsel for one of the appellants also specifically referred to the contempt charge as being direct contempt. At no time was any contention raised that appellants were charged with indirect contempt. Moreover, appellants specifically relied on the transcript of this hearing in their petition to this court to allow this interlocutory appeal.

3. We have not set forth the procedural background of the case because of the confused state of the record, and because it is irrelevant to the Rule 1100 issue, which is the sole issue before us. We emphasize that this is the only issue we are deciding, and we imply no view concerning any other issue whatsoever. We also note that appellants, in argument to the court below and in their brief in this court, have claimed that their rights under the speedy trial clauses of the United States and Pennsylvania Constitutions were violated. No specific argument concerning these claims has been made at any time. We do not consider the bald references to the speedy trial clauses in the lower court adequate to preserve the issue for appeal, and even if it were preserved, we would view it as abandoned on appeal for failure to make any specific argument.

Pennsylvania Rule of Criminal Procedure 1100(a)(2) provides:

> Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

It is clear that Rule 1100(a)(2) only applies to a "court case", which is defined as follows: " *'Court Case'* is a case in which one or more of the offenses charged is a misdemeanor, felony or murder of the first or second degree." Pa.R.Crim.P. 3(f). Since contempt is not murder of the first or second degree, it can only be governed by Rule 1100 if it is a misdemeanor or felony.

Appellants contend that direct criminal contempt must fall within some degree of felony or misdemeanor, as defined by subsection (b)(2) through (9) of section 106 of the Crimes Code, 18 Pa.C.S. § 106(b)(2)–(9). This is plainly incorrect, because all the various degrees of felony and misdemeanor in subsection (b)(2) through (9) are defined in terms of the maximum penalty set by the legislature. *See also* 18 Pa.C.S. §§ 1103, 1104. As appellants themselves correctly assert, the legislature has set no maximum penalty for direct criminal contempt. *Commonwealth v. Strickler*, 481 Pa. 579, 590–91, 393 A.2d 313, 318–19 (1978); *Commonwealth v. Falkenhan*, 306 Pa.Super. 330, 339, 452 A.2d 750, 758 (1982); *see* S. Toll, Pennsylvania Crimes Code Annotated, § 107(c), Model Penal Code Comment, at 28; *see also People v. Stollar*, 31 Ill.2d 154, 157, 201 N.E.2d 97, 99 (1964). Because direct criminal contempt is neither a felony nor a misdemeanor, appellants' case is not a "court case", and is not within the scope of Rule 1100.

Order affirmed.