453 So.2d 143 (1984)
Jay Mark TIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. AW-149.
District Court of Appeal of Florida, First District.
July 13, 1984.
*144 Michael Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Andrea Smith Hillyer, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant appeals the sentence imposed by the trial judge for his violation of Florida Statutes Section 316.1931 (1982), i.e., DWI manslaughter. We affirm appellant's conviction, but vacate the written sentencing order, and remand the cause so that a corrected written sentencing order may be entered which conforms to the sentence as orally pronounced.
At the sentencing hearing, the trial judge orally pronounced that appellant be committed to the Department of Corrections for twelve (12) years and that he pay a $10,000 fine. This is a legal sentence. Sections 782.07, 775.082, and 775.083, Florida Statutes (1981). In his written sentencing order, the trial judge recited that appellant be committed to the Department of Corrections for twelve (12) years and that he pay a $12,000 fine. This is not a legal sentence. Id. However, the oral pronouncement of sentence controls and the written order must be corrected to conform to the oral pronouncement. See Kelly v. State, 414 So.2d 1117 (Fla. 4th DCA 1982); Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981).
Accordingly, appellant's conviction is affirmed, the written sentencing order is vacated, and this cause is remanded so that a corrected written sentencing order may be entered which conforms to the sentence as orally pronounced.
MILLS and WIGGINTON, JJ., concur.