## MANNO v. STATE OF FLORIDA
### Case No. 84-0027 AC
Seventeenth Judicial Circuit, Broward County
January 25, 1985

**APPEARANCES OF COUNSEL**

**Ronald P. Glantz** for appellant.

**James P. McLane,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

This cause comes before the Court in its Appellate capacity, an appeal having been filed from a Judgment of Indirect Criminal Contempt (Constructive) dated March 28, 1984 and entered by the Honorable Irwin Berkowitz, County Court Judge, Seventeenth Judicial Circuit.

### FACTS

Pursuant to the lower court's determination of the appellant's guilt for three traffic offenses, Judge Berkowitz on February 8, 1984 fined the appellant Five Hundred Dollars ($500.00) on each count (totalling

$1,500.00), assessed court costs, revoked the appellant's driver's license, and specifically ordered the appellant not to drive a motor vehicle.

On February 22, 1984, Judge Berkowitz issued an Order to Show Cause Re Indirect Criminal Contempt directing the appellant to explain why he should not be held in contempt in view of his purported contraventions of Judge Berkowitz's judicial order by operating a motor vehicle on February 11, 1984 and in fact, receiving a traffic citation on that date for failing to exhibit a driver's license upon demand.

On March 28, 1984, a contempt hearing was held and a Judgment of Indirect Criminal Contempt resulted therefrom and is the subject matter of this appeal. The foregoing written Judgment placed defendant on probation for one hundred seventy-nine days (179) and ordered as a special condition of probation that appellant surrender his vehicle to the Sheriff for impoundment for a period of six (6) months and that appellant pay a fine of Five Hundred Dollars ($500.00) to be applied towards the cost of storage charges for the vehicle.

Appellant contends that the aforementioned written Judgment of Indirect Criminal Contempt conflicts with Judge Berkowitz's oral pronouncement of sentence following his finding of contempt. The lower court orally indicated that he was impounding appellant's vehicle for one hundred eighty (180) days at no cost to Broward taxpayers *and* that he was placing appellant on probation for one hundred seventy-nine (179) days. Judge Berkowitz specifically stated that he was impounding the vehicle not pursuant to any Florida Statute pertaining to impoundment or confiscation, but rather pursuant to the inherent powers of the Court.

## DISCUSSION

Criminal Contempt proceedings direct or indirect, are premised on the ability of the Court to vindicate its authority or to punish for conduct offensive to the public in violation of a court order. *Andrews v. Walton*, 428 So.2d 663 (Fla. 1983); *Pugliese v. Pugliese*, 347 So.2d 422 (Fla. 1977). A criminal contempt citation from an appellate vantage point, will be sustained only if,

1. The conduct of the party in law constitutes contempt.

2. The contempt proceedings were in due course of law, and

3. The punishment must be appropriate to the offense.

*Vines v. Vines*, 357 So.2d 243 (Fla. 2d DCA 1978) There is no contention by the litigants that the procedure followed by Judge

36

Berkowitz deviated from that mandated by Rule 3.840 of the Florida Rules of Criminal Procedure or any dispute over whether the appellant's conduct, in law, constituted criminal contempt.

The only issue requiring discussion is the punishment, bearing in mind, as articulated in *Aaron v. State*, 284 So.2d 673 (Fla. 1973) that persons accused of criminal contempt, since the proceedings are in effect, criminal in nature, are entitled to the basic constitutional rights as are those accused of violating criminal statutes. More specifically, the following questions must be addressed in this regard.

I. Is there a variance between the oral pronouncement of sentence and the written Judgment of Indirect Criminal Contempt insofar as that aspect of the sentence pertaining to impoundment of appellant's vehicle?

II. Assuming a variance does exist, which directive prevails, the oral pronouncement or written order?

III. Is the impoundment of appellant's vehicle, an aspect of the lower court's sentence, an appropriate and authorized punishment?

## *OPINION*

It is patently clear to this Court that the sentence articulated by Judge Berkowitz in court varies from his written Judgment of Indirect Criminal Contempt entered on the same date. The written disposition provides that Appellant must surrender his vehicle for impoundment for a period of six (6) months and bear the storage costs as a condition of probation. The transcript of the contempt proceedings on the other hand, reflects that the oral sentence of Judge Berkowitz was that impoundment of appellant's vehicle was an independent aspect of the punishment being imposed, and not a condition of probation.

The cases are legion for the proposition that where an oral pronouncement of sentence conflicts with a written judgment, the oral announcement shall control and the written order must be corrected to conform to the oral pronouncement. *Timmons v. State*, 453 So.2d 143 (Fla. 1st DCA 1984); *Kelly v. State*, 414 So.2d 1117 (Fla 4th DCA 1982); *Simmons v. State*, 405 So.2d 310 (Fla. 4th DCA 1981); *Sandstrom v. State*, 390 So.2d 448 (Fla. 4th DCA 1980) *rev. denied*, 397 So.2d 779 (Fla. 1981). Thus, since the impoundment in view of this Court, was a separate and distinct element of the lower Court's sentence, and not a condition of probation, consideration must be directed to whether this facet of Judge Berkowitz's punishment is legally authorized and proper.

**37**

Section 775.02, Florida Statutes provides that where penalties are not provided for by statute, the maximum fine shall not exceed Five Hundred Dollars ($500.00) and the maximum imprisonment shall not extend beyond twelve (12) months. Rule 3.840 of the Florida Rules of Criminal Procedure, the indirect criminal contempt provision omits any reference to the powers of punishment available to the presiding tribunal. Section 775.02 by statutory implication is controlling. Several decisions have accordingly construed Section 775.02 and Rule 3.840 in *pari materia; Malone v. Meadow*, 411 So.2d 263 (Fla. 1st DCA 1982), holding that the appropriate fine for offense of indirect criminal contempt may not exceed Five Hundred Dollars ($500.00), and thus declaring a fine imposed by the trial court excessive by Two Hundred Fifty Dollars ($250.00); *Pussycat Theater v. State*, 355 So.2d 829 (Fla. 3rd DCA 1978), declaring a fine of Three Thousand Dollars ($3,000.00) to be an excessive penalty for indirect criminal contempt and thereby reducing the fine to no more than Five Hundred Dollars ($500.00); and *Aaron v. State*, 261 So.2d 515 (Fla. 1973) providing that the maximum jail punishment for indirect criminal contempt is twelve (12) months if a jury determines the conduct to be contemptuous or six (6) months if a judge makes that determination.

Section 775.02 thus does not explicitly provide for forfeiture or impoundment. The parties to this suit dispute whether the removal of the appellant's vehicle from his custody is a forfeiture or impoundment. It is this Court's opinion that the characterization of this removal whether forfeiture or impoundment, is irrelevant to the resolution of this appeal.

Judge Berkowitz's removal of appellant's vehicle was premised upon the inherent powers of the Court. In *Martin v. State*, 397 So.2d 1012 (Fla. 1st DCA 1981), the Court confirmed that courts have extraordinary and far-reaching power to punish for contempt, but that the inherent power to punish and the penalty imposed must have reference to the nature and enormity of the wrong done to the Court. See also 20 Am.Jur. 2d Sec. 7-9. However, the legislature can provide an additional statutory solution to punish contemptuous conduct which limits or supplements its inherent contempt powers. *In re Baker*, 71 Ill. 2d 480, 376 N.E. 2d 1005 (1978).

Although Section 775.02, without directly referring to Rule 3.840, limits the Court's power to fine and incarcerate, Section 775.082(7) the general penalty provision provides:

This section does not deprive the Court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license,

remove a person from office, or impose any other civil penalty. Such a judgment or order may be included in the sentence.

Section 775.082 applies to all *crimes* and under *Aaron v. State*, supra, *contempt is a crime.*

This Court is therefore led to the inescapable conclusion that pursuant to *Martin v. State*, supra and Section 775.082(7), Judge Berkowitz had both the inherent power as well as the statutory authority to impound or order a forfeiture for use of the appellant's vehicle. The need to employ this additional remedy is illustrated in the case *sub judice* wherein within three (3) days following Judge Berkowitz's order directing appellant not to drive, he blatantly disregarded this judicial directive and received a traffic citation for a motor vehicle infraction. Removal of appellant's vehicle from his custody was the only measure short of incarcerating appellant, to insure the lower court's order was obeyed.

However, this Court is of the opinion that the maximum permanent financial punishment to the appellant, under Section 775.02, directly in the form of a fine or indirectly through a forfeiture, cannot exceed Five Hundred Dollars ($500.00). Since it was not contemplated that impoundment of appellant's vehicle was to be a permanent forfeiture but rather a temporary surrender of custody, requiring appellant to bear the cost of storage fees in excess of Five Hundred Dollars ($500.00) is in contravention of Section 775.02.

Accordingly, it is hereby ordered that appellant can only be required to pay up to Five Hundred Dollars ($500.00) in storage fees and that although his vehicle may be impounded for one hundred eighty (180) days the appellant cannot be directed to bear the cost thereof in the amount in excess of Five Hundred Dollars ($500.00).