WIGGINTON, Judge.
McMillian appeals the trial court's imposition of community service in lieu of costs pursuant to section 27.3455, Florida Statutes (1985), arguing that the statute cannot be applied retroactively against him, and that the court erred in imposing community service hours based upon $200 court costs since the maximum court costs which may be imposed by that statute for a misdemeanor amount to $50. We affirm in part and reverse in part.
Appellant s probation was revoked, and on January 25, 1986, he was adjudicated guilty of the initial crime committed in 1982 of possession of less than twenty grams of cannabis, a misdemeanor. The court entered an order finding appellant indigent and waiving the $200 court costs pursuant to section 27.3455, but requiring community service after release from incarceration. Appellant argues that since he pled guilty to and was convicted of a misdemeanor, section 27.3455 sets forth the proper costs of $50 to be imposed. The significance of the imposition of the monetary costs in relation to the community service imposed lies in the statute’s providing that “[e]ach hour of community service shall be credited against the additional costs imposed by the court at a rate equivalent to the minimum wage.” Thus, as appellant points out, the consequence of the trial court’s imposing community service in lieu of costs of $200, which would have been proper only for a felony conviction, is that appellant would be required to remain on community service longer in order to earn wages commensurate to the greater amount of costs.
We agree, and the State concedes, that since appellant was convicted of a misdemeanor, the court should have imposed only $50 in costs. We therefore reverse and remand for the trial court to correct appellant’s sentence to reflect imposition of community service in lieu of payment of $50 in costs under section 27.3455.
As to appellant’s other point, we hold that he has waived the ex post facto argument by not making a contemporaneous objection below. See Slaughter v. State, 493 So.2d 1109 (Fla. 1st DCA 1986).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and NIMMONS, JJ., concur.