SCHOONOVER, Chief Judge.
The appellant, Jeffrey Lynn Funk, challenges the sentence imposed upon him after a jury found him guilty of the crime of escape.
Prior to sentencing, the appellant was given notice that the state was going to seek to have him declared a habitual felony offender. At the sentencing hearing, the trial court made an oral finding that the appellant was a habitual felony offender and entered a judgment and sentence on the same date. The court, in the written judgment and sentence, adjudicated the appellant a habitual felony offender and sentenced him pursuant to section 775.-084(4)(a), Florida Statutes (Supp.1988). The appellant filed a timely notice of appeal.
We find no merit in the appellant’s contention that certain misdemeanor convictions were improperly included on his guidelines seoresheet, see Aaron v. State, 284 So.2d 673 (Fla.1973), or in his contention that he was improperly adjudicated as a habitual felony offender. We, accordingly, affirm the judgment and sentence.
We must, however, remand for the correction of an order entered subsequent to the entry of the judgment and sentence. Several days after the judgment and sentence were entered in this case, the court entered a written order finding that the appellant was a habitual violent felony offender. Since the state did not seek a determination that the appellant was a habitual violent felony offender pursuant to section 775.084(l)(b) and the court did not, either orally or in its written judgment and sentence make that finding, the subsequent order was improper. We, therefore, must remand with instructions to strike the word “violent” from the order. We affirm in all other respects.
Affirmed, but remanded with instructions.
THREADGILL and PARKER, JJ., concur.