JO ANOS, Chief Judge.
Pursuant to a negotiated plea of nolo contendere to the first degree misdemeanor of carrying a concealed weapon in violation of section 790.01(2), Florida Statutes (1989), the trial court placed appellant on six months probation, withheld adjudication of guilt, and imposed court costs of $150.00. This appeal concerns only the imposition of court costs. We reverse.
The written plea agreement in this case provides, among other things, that the state requested imposition of $150.00 as court costs, which appellant would maintain he was unable to pay. During the trial court’s oral pronouncement of the sanctions to be imposed pursuant to acceptance of the plea, the court imposed court costs of $150.00, to be paid within six months. However, the written probation order reflects that appellant is to pay a fine of $150.00, plus a five percent surcharge, as directed by his probation officer.
It is well settled that a written sentencing or probation order must conform to the trial court’s oral pronouncement. Timmons v. State, 453 So.2d 143 (Fla. 1st DCA 1984). Further, one convicted of a misdemeanor may be assessed no more than $50.00 in costs. McMillian v. State, 502 So.2d 510 (Fla. 1st DCA 1987). The statutorily mandated costs to be assessed against one who pleads nolo conten-dere to a misdemeanor include: (1) $50.00 in costs in accordance with the schedule of costs set forth in section 27.3455(1), Florida Statutes (1989); (2) an additional cost of $20.00 pursuant to section 960.20, Florida Statutes (1989); and (3) a court cost of $3.00 pursuant to section 943.25(3), Florida Statutes (1989). Since appellant pled nolo contendere to a first degree misdemeanor, the imposition of $150.00 as court costs was improper.
*660 Accordingly this cause is reversed and remanded for correction of the sentencing documents to reflect imposition of court costs of $50.00, pursuant to section 27.-3455(1), Florida Statutes (1989), rather than a fine of $150.00 as set forth in the probation order.
ALLEN, J., and WENTWORTH, Senior Judge, concur.