SHARP, Judge.
Mauney appeals from an order finding him in willful contempt of court for failing to appear to testify as a witness in a criminal case, after having been duly served with a subpoena. The trial court sentenced Mauney to probation for six months conditioned upon Mauney’s serving a ten-day jail term. The sentence was suspended, however, upon payment of a $250.00 fine, performance of 50 hours of designated community service, and no further failures to respond to subpoenas for the next six months. Mauney argues the Speedy Trial Rule, Florida Rule of Criminal Procedure 3.191(a)(1) is applicable to the indirect criminal proceedings brought against him pursuant to Florida Rule of Criminal Procedure 3.840, and since the hearing was not held within ninety days of the court’s order to show cause, he should be discharged. He also argues the evidence does not support the trial judge’s finding that he acted in willful contempt of court. We affirm.
Mauney is an officer with the Florida Highway Patrol. He was the investigating officer who directed hospital employees to draw blood from a driver involved in a vehicular manslaughter case in which a passenger was killed. The blood alcohol level was the state’s only way to prove the criminal defendant was “impaired” since there was no other evidence of his intoxicated condition.
Mauney was served with a subpoena to appear for trial on January 7, 1985. The trial date was continued and reset at least five times. The prosecutor finally obtained a date “certain,” July 15,1985, for the trial. Although the evidence was disputed, the trial judge found that Mauney was told by the prosecutor that his testimony was essential and would be needed on July 15th. He offered to try to schedule Mauney’s testimony so as to least disrupt Mauney’s planned vacation.
The prosecutor was supposed to leave a message with the Florida Highway Patrol office in DeLand advising Mauney when he would be needed at trial. However, the operator at the DeLand office refused to accept a message for Mauney because he was on vacation. Other efforts made by the prosecutor’s staff to leave a message were also unsuccessful.
When Mauney called the Florida Highway Patrol office at the established time, he found no message had been left for him, and he departed without further inquiry, for his vacation. As a result, he did not appear at the trial the following Monday, and the prosecutor was forced to accept a lesser plea from the criminal defendant.
On August 8, 1985, the trial court issued an order to show cause why Mauney should not be held in contempt. It was served on Mauney on August 15, 1985, and he was ordered to appear to answer in court on August 26, 1985. He entered a not guilty plea at the hearing and the court appointed a special prosecutor to handle the case.
The hearing in this contempt matter was set for January 15,1986, but was continued by the State until February 7, 1986. On January 29, 1986, Mauney filed a motion for discharge based on the Speedy Trial Rule 3.191(a)(1). The trial court denied the motion on the ground that rule 3.191(a)(1) does not apply to criminal contempt cases.
Failure to appear in court after being served with a subpoena may be grounds for a court to proceed against the recalcitrant witness for direct criminal contempt pursuant to Florida Rule of Criminal Procedure 3.830.[1] However, the court may choose to proceed pursuant to rule 3.840, indirect criminal contempt, because that rule insures the defendant greater procedural safeguards than the summary procedure for direct criminal contempt.[2] In ei *748 ther case, a defendant is entitled to due process and the safeguarding of his basic constitutional rights.[3]
Whether or not the Speedy Trial Rule impacts on either the direct criminal contempt rule or the indirect criminal contempt rule is a question we find has not been clearly answered by Florida case law. In Martin v. Pinellas County, 483 So.2d 445 (Fla. 2d DCA 1986), the court was asked to apply the Speedy Trial Rule to an indirect criminal contempt matter, but it held that no time periods of the Speedy Trial Rule had been violated.[4] Similarly, in Mann v. State, 476 So.2d 1369 (Fla. 2d DCA 1985), the court refused to rule whether or not the Speedy Trial Rule should be applied to indirect criminal contempt cases. In Mann the procedure was pursuant to rule 3.840 (indirect criminal contempt) but the matter being tried was properly one for direct criminal contempt. It held that rule 3.191(a)(1) did not apply to direct criminal contempt cases tried pursuant to rule 3.840.
The present case is also a species of direct criminal contempt which was tried pursuant to rule 3.840, indirect criminal contempt. We could simply affirm this case on the authority of Mann. However, it appears to us that had this been a species of indirect criminal contempt, we would have reached the same result.
Rule 3.840 sets out the procedure which a court must follow in prosecuting indirect criminal contempt matters. There is no cross-reference to the Speedy Trial Rule. Such cases commence with an order to show cause issued by the judge. A defendant is notified of a specified time and place for a hearing “with a reasonable time allowed for preparation of the defense after service of the order on the defendant.” The judge may issue an order of arrest if it seems the defendant will not appear for the show cause hearing (Rule 3.840(a)(2)). But an arrest is not necessary, and as contemplated by the rule, would only occur in an unusual case.
The language of Speedy Trial Rule 3.191(a)(1) simply does not mesh with rule 3.840. Initially it states it applies to “every person charged with a crime by indictment or information.” These are charging documents filed by the prosecution; not a judge. Secondly, the time periods established by the rule start running when a person “is arrested” or served with a notice to appear “in lieu of physical arrest.” As noted above, show cause orders in indirect criminal contempt matters are not generally coupled with an arrest, nor are they “in lieu” of a physical arrest.
We do not think that Florida’s Speedy Trial Rule 3.191(a)(1) was intended to apply to proceedings under rule 3.840 or rule 3.830. Nor do we think that the Speedy Trial Rule is encompassed within the umbrella of basic constitutional rights guaranteed to all criminal defendants.[5] Accordingly, we affirm the trial judge’s ruling that Mauney’s Speedy Trial rights were not violated by this proceeding.[6]
We also affirm the trial judge’s finding that Mauney willfully neglected his duty to respond to the subpoena for trial. Given the conflicting evidence at trial, the trial judge had the discretion and power to believe the prosecutor who testified Mau-ney knew he would be needed for the trial on July 15th. The failure of the prosecutor to leave a message about the time Mauney was going to be testifying did not excuse Mauney from making additional inquiry. The trial judge based his findings also par *749 tially on the fact that in that case Mauney had previously ignored a subpoena for a deposition.
Nor do we think the punishment imposed by the trial judge inappropriate or too harsh under the circumstances.[7] The amount of the fine related to the costs incurred by the prosecution to bring out-of-state witnesses to Seminole County to prove the higher charged offense. When the state was forced to offer a lesser plea, the witnesses were neither needed nor used. By doing community service and strictly observing the requirements of subpoenas served upon him, Mauney’s record will be cleared within six months and he will not have to serve any jail time.
AFFIRMED.
COWART, J., concurs.
ORFINGER, J., dissents without opinion.

. Aron v. Huttoe, 265 So.2d 699 (Fla.1972); Porter v. Williams, 392 So.2d 59 (Fla. 5th DCA 1981).

. See Studnick v. State, 341 So.2d 808 (Fla. 3rd DCA), cert. denied, 348 So.2d 954 (Fla.1977); cf. *748 Mann v. State, 476 So.2d 1369 (Fla.2d DCA 1985) .

. Aaron v. State, 284 So.2d 673 (Fla.1973).

. See also Brinson v. State, 269 So.2d 373 (Fla. 1st DCA 1972).

. See Aaron v. State, 284 So.2d 673 (Fla.1973); Mann v. State, 476 So.2d 1369 (Fla. 2d DCA 1985).

.There was no argument of the issue that Mau-ney’s constitutional right to trial was violated in this case. U.S. CONST, amend. XIV, § 1; Art. I, § 16, Fla. Const.; Deeb v. State, 131 Fla. 362, 179 So. 894 (Fla.1937); O’Berry v. State, 47 Fla. 75, 36 So. 440 (Fla.1904) (constitutional rights of accused cannot be legally invaded by too strict application of judicial or statutory rules of evidence or procedure).

. Compare Studnick v. State, 341 So.2d 808 (Fla.3rd DCA), cert. denied, 348 So.2d 954 (Fla.1977).