LETTS, Judge.
The former wife in this dispute was enjoined from harassing and annoying or directly contacting the former husband. Subsequently, the husband filed a petition for indirect criminal contempt with an accompanying affidavit, alleging the wife’s wilful and wanton disobedience of the injunction. The lower court ordered the former wife to show cause why she should not be adjudicated in indirect criminal contempt of court. Approximately two weeks before the hearing, the husband’s attorney phoned the trial judge to report that the husband was in Ohio recovering from a stroke, and would be unable to attend the hearing. The judge agreed to a continuance upon submission of a proposed order. Two days later the husband’s attorney sent such an order rescheduling the hearing, along with a letter reflecting the conversation with the court. A copy was sent to the former wife’s counsel.
Thereafter, the lower court entered a new order to show cause adding the phrase “Continuing the Action at Petitioner’s request.” The wife voiced no objection until over two months later, when she filed a motion to discharge claiming simply that “pursuant to Florida Rule of Criminal Procedure 3.190 speedy trial has run.” This motion was heard, and granted, the court commenting that the husband’s motion for continuance had to be filed “prior to the expiration date of the speedy trial rule.” In its written order denying the former husband’s motion for rehearing, the court determined that the husband’s motion and order of continuance was not sufficient to extend the speedy time limits. We disagree and find that the husband’s motion fulfilled the requirements of the rule as to a continuance.
Florida Rule of Criminal Procedure 3.191(d)(2)(H) specifies that an extension of the time periods established by the rule may be procured by written or recorded order of the court on the court’s own motion or motion by either party in exceptional circumstances as defined in section (f). Section (f) in turn specifies that an exceptional circumstance includes the (1) unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial. Such was exactly the case here. The former husband informed the court of his illness and inability to attend by telephone and in writing, albeit not a formal motion. The court responded with the necessary written order required by Rule 3.191(d)(2)(H). To invalidate all of these actions would be an elevation of form over substance. See State v. Duda, 368 So.2d 918 (Fla. 4th DCA 1979), where we said:
It seems clear that although appellee did not explicitly move for a continuance the court and the state took his (appellee’s) reference to “possibly” asking for a continuance as a specific request to continue the case. Had defendant objected at the time it might well have been that the court would not have continued the case but, by remaining silent, appellee in effect acquiesced in the understanding of all the parties that appellee was seeking a continuance.
The wife here did nothing after the court’s order on the continuance until she moved for discharge. We find that the husband complied with the applicable procedure and that the wife received adequate notice.
Moreover, though not raised or discussed by the parties, and in order to avoid future misunderstanding in other cases, we hereby align ourselves with our sister court and hold that the speedy trial rule does not *700 apply to direct or indirect contempt proceedings. Mauney v. State, 507 So.2d 746 (Fla. 5th DCA 1987).
Accordingly, we reverse the order of discharge and remand the cause for further proceedings consistent herewith.
REVERSED AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.