660 So.2d 1138 (1995)
Criselda LOPEZ, Petitioner,
v.
The Honorable E. Randolph BENTLEY as Circuit Judge of the Tenth Judicial Circuit, Respondent.
No. 95-01430.
District Court of Appeal of Florida, Second District.
September 13, 1995.
James Marion Moorman, Public Defender, and Howard L. Dimmig, II, Assistant Public Defender, Bartow, for petitioner.
Thomas C. MacDonald, Jr., of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for respondent.
PARKER, Acting Chief Judge.
Criselda Lopez filed a petition for writ of prohibition to this court seeking to prohibit the trial court from proceeding with a hearing *1139 in which Lopez is charged with indirect criminal contempt of a court order entered one month earlier. The earlier order, styled "Injunction for Protection Against Domestic/Repeat Violence," entered pursuant to section 784.046(9)(a), Florida Statutes (Supp. 1994), enjoined Lopez from abusing, threatening, or harassing the petitioner[1] named in the order. We rely upon this court's opinion in Walker v. Bentley, 660 So.2d 313 (Fla. 2d DCA 1995) and deny the petition.
Walker involved an alleged violation of a domestic violence injunction filed pursuant to section 741.30, Florida Statutes (Supp. 1994), which is a statute enacted specifically for domestic violence cases. Pursuant to section 741.2901(2), Florida Statutes (Supp. 1994), indirect criminal contempt may no longer be used to enforce compliance with injunctions for protection against domestic violence. Instead, a state attorney intake system for prosecuting domestic violence by filing criminal charges shall be utilized. The majority in Walker concluded that the trial court has the inherent power to enforce compliance with section 741.30 by indirect criminal contempt because the legislature has no authority under the doctrine of separation of powers to limit the trial court's jurisdiction to exercise its inherent power of contempt.
Turning to the statute in this case, section 784.046(9)(a), Florida Statutes (Supp. 1994) provides for filing and hearing procedures for victims of repeat violence. This statute provides that the trial court shall enforce a violation of an injunction under this statute through a civil contempt proceeding. Unlike section 741.2901(2), there is no legislative prohibition against a trial court exercising its indirect criminal contempt powers to enforce an injunction for protection against repeat violence under section 784.046(9)(a). Because of Walker, a trial court in this district retains its constitutional inherent powers of indirect criminal contempt under section 741.30, even when section 741.2901(2) specifically denies those powers to the trial court. Clearly if the trial court has those inherent powers to enforce an injunction against domestic violence, we conclude that the trial court has those same inherent powers to enforce an injunction for protection against repeat violence.
The petition for writ of prohibition is denied.
PATTERSON and LAZZARA, JJ., concur.
NOTES
[1] The petitioner's relationship to Lopez, if any, is not disclosed in the order.