678 So.2d 333 (1996)
Criselda LOPEZ, Petitioner,
v.
E. Randolph BENTLEY, Judge, etc., Respondent.
No. 86594.
Supreme Court of Florida.
August 22, 1996.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Petitioner.
Thomas C. MacDonald, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Respondent.
OVERTON, Justice.
We have for review Lopez v. Bentley, 660 So.2d 1138 (Fla. 2d DCA 1995), in which the district court denied Criselda Lopez's petition for writ of prohibition seeking to prevent the trial court from proceeding against Lopez on charges of indirect criminal contempt based on her violation of a repeat violence injunction. The district court denied the petition on authority of Walker v. Bentley, 660 So.2d 313 (Fla. 2d DCA 1995) (Walker I). In Walker I, the district court certified the following questions as being of great public importance:
IS THE WORD "SHALL" AS USED IN SECTION 741.30(8)(a), FLORIDA STATUTES (SUPP.1994), TO BE INTERPRETED AS MANDATORY RATHER THAN AS PERMISSIVE OR DIRECTORY?
IF INTERPRETED AS MANDATORY, IS SECTION 741.30(8)(a), FLORIDA *334 STATUTES (SUPP.1994), AN UNCONSTITUTIONAL ENCROACHMENT ON THE CONTEMPT POWER OF THE JUDICIARY IN VIOLATION OF ARTICLE II, SECTION 3 OF THE FLORIDA CONSTITUTION?
660 So.2d at 321. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Walker I, the district court interpreted the first certified question as it applies to section 741.30, Florida Statutes (Supp.1994), which governs the use of contempt proceedings in domestic violence cases. In the instant case, the district court interpreted that same question as it applies to section 784.046(9)(a), Florida Statutes (Supp.1994), which governs the use of contempt proceedings in repeat violence cases. The district court found the reasoning in Walker I to be equally applicable to the repeat violence statute.
In Walker v. Bentley, 678 So.2d 1265 (Fla.1996)(Walker II), we approved the opinion of the district court in Walker I and answered the first question by finding that the word "shall" in section 741.30(8)(a) is to be interpreted as directory rather than mandatory. Our answer to the first question rendered the second certified question moot. We agree with the district court's conclusion that the reasoning in the Walker case is equally applicable to the instant statute. As the district court stated in Lopez, "[c]learly if the trial court has those inherent powers to enforce an injunction against domestic violence, we conclude that the trial court has those same inherent powers to enforce an injunction for protection against repeat violence." 660 So.2d at 1139.
Accordingly, for the reasons expressed in Walker II, we approve the decision of the district court in the instant case.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.