678 So.2d 1265 (1996)
Robert James WALKER, Petitioner,
v.
E. Randolph BENTLEY, etc., Respondent.
No. 86568.
Supreme Court of Florida.
August 22, 1996.
*1266 James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Petitioner.
Thomas C. MacDonald, Jr. of Shackleford, Farrior, Stallings & Evans, P.A., Tampa, for Respondent.
OVERTON, Justice.
We have for review Walker v. Bentley, 660 So.2d 313 (Fla. 2d DCA 1995), in which the district court denied Robert James Walker's petition for writ of prohibition. In his petition, Walker sought to prevent Judge E. Randolph Bentley from exercising his power of indirect criminal contempt to punish Walker's alleged violation of a domestic violence injunction, which was issued pursuant to section 741.30, Florida Statutes (Supp.1994). In denying Walker's petition, the district court found that the legislature has no authority to limit a circuit court judge's inherent power of contempt, as it apparently attempted to do by restricting the circuit court's jurisdiction to the use of civil contempt in enforcing injunctions issued under section 741.30. In reaching its decision, the district court certified the following two questions as being of great public importance:
IS THE WORD "SHALL" AS USED IN SECTION 741.30(8)(a), FLORIDA STATUTES (SUPP.1994), TO BE INTERPRETED AS MANDATORY RATHER THAN AS PERMISSIVE OR DIRECTORY?
IF INTERPRETED AS MANDATORY, IS SECTION 741.30(8)(a), FLORIDA STATUTES (SUPP.1994), AN UNCONSTITUTIONAL ENCROACHMENT ON THE CONTEMPT POWER OF THE JUDICIARY IN VIOLATION OF ARTICLE II, SECTION 3 OF THE FLORIDA CONSTITUTION?
660 So.2d at 321. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we approve the well-reasoned opinion of the district court and answer the first question by finding that the word "shall" in section 741.30(8)(a) is to be interpreted as directory rather than mandatory. Our answer to the first question renders the second certified question moot.
Section 741.30 creates a cause of action for and enforcement of injunctions for protection against domestic violence. That section has been the subject of numerous modifications in recent years as a result of the legislature's increasing recognition of domestic violence as an important issue in our society. The developmental history of that section over the last decade is set forth in detail in Walker. Pertinent to this appeal is the 1994 amendment to the statute in which the legislature attempted to eliminate a circuit judge's use of indirect criminal contempt to enforce domestic violence injunction violations. Specifically, the legislature amended section 741.30 to provide in pertinent part as follows:
(8)(a) The court shall enforce, through a civil contempt proceeding, a violation of an injunction for protection which is not a criminal violation under s. 741.31. The court may enforce the respondent's compliance with the injunction by imposing a monetary assessment.
(Emphasis added.) The legislature also provided, in section 741.2901(2), that domestic violence was to "be treated as an illegal act rather than a private matter, and for that reason, indirect criminal contempt may no longer be used to enforce compliance with injunctions for protection against domestic violence." (Emphasis added.) Notably, in 1995, the legislature eliminated that attempt to restrict the use of criminal contempt power to the circuit courts to enforce domestic violence injunction compliance. See ch. 95-195, § 5, at 1400, Laws of Fla. Nevertheless, because the provision at issue may still be applicable to those individuals who violated domestic violence injunctions between July 1, 1994, and July 1, 1995, we find it necessary to address the certified questions posed by the district court.
In his majority opinion, Judge Lazzara engaged in an extremely well-detailed analysis of the history of the power of contempt. While we need not reiterate that *1267 history here, we note that this Court has repeatedly found that the power of a court to punish for contempt is an inherent one that exists independent of any statutory grant of authority and is essential to the execution, maintenance, and integrity of the judiciary. Ducksworth v. Boyer, 125 So.2d 844 (Fla. 1960); South Dade Farms v. Peters, 88 So.2d 891 (Fla.1956). We have acknowledged that the legislature may set forth or limit by statute the sanctions to be used by the courts in punishing contempt. A.A. v. Rolle, 604 So.2d 813 (Fla.1992). The legislature may not, however, eliminate the ability of circuit courts to apply the inherent power of civil or criminal contempt. See, e.g., Michaelson v. United States ex rel. Chicago, St. P., M. & O. Ry., 266 U.S. 42, 45 S.Ct. 18, 69 L.Ed. 162 (1924)(the legislature cannot take away the inherent contempt power of a court unless the legislature has the specific authority to establish the court). Circuit courts are an essential part of the judicial branch of government created under article V, section 5, of the Florida Constitution, and the power of contempt is a basic function of that branch. Any legislative enactment that purports to do away with the inherent power of contempt directly affects a separate and distinct function of the judicial branch, and, as such, violates the separation of powers doctrine contained in article II, section 3, of the Florida Constitution.
In reaching this same conclusion, the district court noted that the basic principles of statutory analysis impose a duty on the courts to interpret a statute so that it withstands constitutional scrutiny. Thus, the district court found it necessary to interpret the phrase "shall enforce, through a civil contempt proceeding" in section 741.30(8)(a) as being directory rather than mandatory for the statute to withstand constitutional scrutiny. We agree with this conclusion. By interpreting the word "shall" as directory only, we ensure that circuit court judges are able to use their inherent power of indirect criminal contempt to punish domestic violence injunction violations when necessary while at the same time ensuring that section 741.30 as a whole remains intact. As the district court stated, "our decision has statewide significance in an area involving how to best address one of the most serious problems confronting our societyviolence within the domestic context ..." Walker, 660 So.2d at 321.
In reaching our conclusion, however, we also find it necessary to address the legislative intent set forth in section 741.2901(2), wherein the legislature stated:
It is the intent of the Legislature that domestic violence be treated as an illegal act rather than a private matter, and for that reason, indirect criminal contempt may no longer be used to enforce compliance with injunctions for protection against domestic violence.

Given our conclusion that the legislature cannot eliminate the court's indirect criminal contempt power, we find the underlined portion of section 741.2901(2) to be unconstitutional. This provides the consistency necessary to allow section 741.2901 to be read in conjunction with section 741.30(8)(a).
Accordingly, we approve the decision of the district court and answer the first question by finding that the word "shall" in section 741.30(8)(a) is to be interpreted as directory rather than mandatory. Our answer to the first question renders the second certified question moot.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.