OVERTON, Justice.
We have for review Steiner v. Bentley, 668 So.2d 616 (Fla. 2d DCA 1995), in which the district court denied Thomas D. Steiner’s petition for writ of prohibition on authority of Walker v. Bentley, 660 So.2d 313 (Fla. 2d DCA 1995)(Walker I), and Lopez v. Bentley, 660 So.2d 1138 (Fla. 2d DCA 1995)(Lopez I). In Walker I, the district court certified the following questions as being of great public importance:
IS THE WORD “SHALL” AS USED IN SECTION 741.30(8)(a), FLORIDA STAT *771 UTES (SUPP.1994), TO BE INTERPRETED AS MANDATORY RATHER THAN AS PERMISSIVE OR DIRECTORY?
IF INTERPRETED AS MANDATORY, IS SECTION 741.30(8)(a), FLORIDA STATUTES (SUPP.1994), AN UNCONSTITUTIONAL ENCROACHMENT ON THE CONTEMPT POWER OF THE JUDICIARY IN VIOLATION OF ARTICLE II, SECTION 3 OF THE FLORIDA CONSTITUTION?
660 So.2d at 321. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In Walker v. Bentley, 678 So.2d 1265 (Fla.1996)(Walker II), we recently approved the opinion of the district court in Walker I and answered the first question by finding that the word “shall” in section 741.30(8)(a), which governs the use of contempt proceedings in domestic violence cases, is to be interpreted as directory rather than mandatory. Our answer to the first question rendered the second certified question moot. We also recently approved the opinion in Lopez I, by finding that the reasoning in Walker II applies equally to section 784.046(9)(a), Florida Statutes (Supp.1994), which governs the use of contempt proceedings in repeat violence cases. See Lopez v. Bentley, 678 So.2d 333 (Fla.1996) (Lopez II).
Accordingly, for the reasons expressed in Walker II and Lopez II, we approve the decision of the district court in the instant case.
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.