COBB, Judge.
The petitioner, Shalonda Washington, seeks a writ of prohibition declaring that her impending trial for indirect criminal contempt of court for violating a domestic violence injunction [1]is barred by the operation of the speedy trial rule.[2] The trial court denied her motion for discharge.
The factual background of this ease shows that Washington was arrested on November 28, Í995, at a Wal-Mart Super Center for violating an injunction against repeat violence which prohibited her from visiting the place of employment of one Amy Litchfield. The arrest was effectuated pursuant to section 901.15, Florida Statutes (1995), which allows a law enforcement officer to make a warrantless arrest if probable cause exists to believe a person has violated an injunction for protection. Washington was handcuffed, transported to a detention center, booked, and then incarcerated.
The state obtained continuances at two docket soundings, and never filed an information charging Washington with the crime of violation of an injunction for protection under section 741.31(4)(b), Florida Statutes (1995), which makes such violation a first degree misdemeanor. On February 27, 1996, Washington’s counsel filed a motion for discharge in the county court, utilizing the case number assigned at the time of arrest, and the state promptly filed a nol pros in that case the next day. That concluded the county court prosecution.
Subsequently, on March 11,1996, the state filed in the family division of the circuit court a motion for order to show cause to be directed to Washington based on the incident *542 at Wal-Mart on November 28, 1995. The circuit court issued the order, thereby initiating indirect criminal contempt proceedings against her. The court then denied Washington’s motion for discharge, which asserted that the speedy trial time period for indirect criminal contempt had commenced to run at the time of her initial arrest on November 28, 1995, and expired 90 days thereafter pursuant to State v. Agee, 622 So.2d 473 (Fla.1993)(state not entitled to 15-day recapture period where it has nol prossed its original information and then refiled after the expiration of the speedy trial period).
The trial court’s denial of Washington’s motion to discharge was predicated solely on the authority of Mauney v. State, 507 So.2d 746 (Fla. 5th DCA 1987), wherein we held that Florida Rule of Criminal Procedure 3.191 does not apply to indirect criminal contempt prosecutions under Florida Rule of Criminal Procedure 3.840. Petitioner contends that we should recede from Mauney and argues in her brief:
The court’s decision in Mauney is based, in part, on the premise that judges, not prosecutors, typically file the order to show cause charging document. The Mauney decision also is based, in part, on the premise that show cause orders in indirect criminal contempt matters are not generally coupled with an arrest. Mauney at 748. While these premises may have had validity in 1987, these premises are outdated and are no longer valid in 1996. As in all prosecutions for indirect criminal contempt for violation of a protective injunction in Brevard County, the order to show cause in the petitioner’s case was initiated, written, and submitted by the State of Florida — not by the court.
******
A number of factors have combined to make the State’s indirect criminal contempt prosecutions routine and numerous in the family division of the circuit court. First and foremost is the “mandatory arrest” policies that all law enforcement agencies now adhere to when responding to a domestic disturbance call. The catalyst for this change in law enforcement policy was the enactment of legislation which provides an officer is immune from civfi liability if the officer makes an arrest when enforcing a court order. See section 741.29(5), Fla. Stat. (1995); Ch. 95-195, Laws of Florida. See, also, section 901.15(7)(b), Fla. Stat. (1995).
Second, pursuant to section 741.2091(1) which provides that each state attorney shall assign prosecutors to specialize in the prosecution of domestic violence eases, “domestic violence” prosecutors now prosecute indirect criminal contempt in the circuit court. The state favors indirect criminal contempt prosecution because a defendant does not have the right to a jury trial if the judge agrees to impose no more than six months incarceration upon a conviction. Aaron v. State, 284 So.2d 673, 676 (Fla.1973). If the state were to prosecute in the county court, the petitioner would have to be afforded a trial by jury.
We note that Florida Rule of Criminal Procedure 3.010 provides that the rules “shall govern the procedure in all criminal proceedings involving direct and indirect criminal contempt.”[3] It is clear from established ease law that indirect criminal contempt is a criminal proceeding. See Gidden v. State, 613 So.2d 457,460 (Fla.1993); Moorman v. Bentley, 490 So.2d 186, 187 (Fla. 2d DCA 1986).
It should make no difference whether such a proceeding is initiated by indictment, information, citation, notice to appear, or order to show cause. As pointed out by Justice Powell in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): “[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.”
*543 The state has afforded us no substantive reasons for adherence to Mamey, and we elect to recede from it. We now hold that all indirect contempts are subject to the Speedy Trial Rule, whether initiated by arrest or service of an order to show cause.
The question we then must confront is: did the speedy trial period for the circuit court action commence with Washington’s arrest on November 28,1995, or with service of the show cause order in March, 1996? Section 775.021, Florida Statutes (1995) indicates that it is not the intent of the legislature to provide for separate convictions and sentences for two offenses which require identical elements of proof. In the instant case the charges against Shalonda Washington, whether pursued as a statutory misdemeanor in county court or as indirect contempt in circuit court, would require identical elements of proof for conviction. Cf. State v. Johnson, 668 So.2d 194 (Fla.1996). It necessarily follows that the initial arrest of Shalon-da Washington incepted the running of the speedy trial time in the instant case irrespective of the prosecutorial device utilized by the state.
Accordingly, we grant the instant petition for writ of prohibition.
WRIT GRANTED.
HARRIS, GRIFFIN, THOMPSON and ANTOON, JJ., concur.
W. SHARP, J., dissents, with opinion, with which PETERSON, C.J., and DAUKSCH and GOSHORN, JJ., concur.

. See § 784.046, Fla. Stat. (1995).

. See Fla. R.Crim. P. 3.191.

. We do not concern ourselves in this opinion with the applicability of Rule 3.191 to direct criminal contempt proceedings. We note, however, there are persuasive reasons why the procedural requirements of this rule cannot apply to such summary proceedings. See, e.g., Mann v. State, 476 So.2d 1369 (Fla. 2d DCA 1985).