W. SHARP, Judge,
dissenting.
I disagree that this court should recede from Mauney v. State, 507 So.2d 746 (Fla. 5th DCA 1987). The majority writes that the state has not afforded any substantive reason to adhere to Mamey. This misstates the burden for overturning precedent. The rule of stare decisis requires adherence to established precedent unless the party seeking to overturn it (i.e., here the defendant below, Washington) presents an argument for change that is overwhelming, not just persuasive. Old Plantation Corp. v. Maule Industries, Inc., 68 So.2d 180 (Fla.1953). See also Perez v. State, 620 So.2d 1256, 1258 (Fla.1993), (Overton, J., concurring).
In the first place, Mamey does not conflict with the majority opinion. It involved simply an indirect criminal contempt proceeding brought by the trial court for a possible violation of a court order. No prior arrest for a crime was involved. Indirect criminal contempt proceedings can be initiated by another party to the proceeding, by filing a motion, followed by an order to show cause. In such cases, we said the speedy trial rule[1] has no impact, and we pointed out that there were no relevant time periods for commencing, .the running of the speedy trial rule.
In this case, a criminal proceeding was commenced by an arrest for violating an injunction against repeat violence, pursuant to a new criminal statute, section 741.31(4)(b). .In such a ease, the speedy trial rule is triggered by the arrest. Once the prosecution by the state became barred by the speedy trial rule, the question in this case is whether the speedy trial rule should bar the circuit court from enforcing its own injunction. I do not think it should.
Rule 3.010 has long stated that the criminal rules shall govern all criminal proceedings, including direct and indirect criminal contempt matters. In Mann v. State, 476 So.2d 1369 (Fla. 2d DCA 1985), the court concluded that this rule was merely a policy declaration regarding use of the rules, in the conduct of criminal proceedings. It was not a mandate that the speedy trial rule is applicable to every criminal proceeding. Our sister court in Drost v. Drost, 519 So.2d 698 (Fla. 4th DCA 1988) held that the speedy trial rule does not apply to direct or indirect contempt proceedings. The majority opinion in this case creates a conflict with that decision, which can only be resolved by the Florida Supreme Court.
Further, I suggest there are strong policy reasons not to hold that the speedy trial rule times commence to run in the circuit court, when the state arrests a defendant for violat *544 ing the same injunctive order, even assuming the factual basis for both are the same, which we cannot properly ascertain in this case. The civil courts which issue injunctions and protective orders in family law cases have little or no practical way of knowing the status of a criminal prosecution involving one of their orders, or even whether an arrest by the state has been made. Thus, the circuit court has no way of knowing when the ninety day time period (for misdemeanors) has run or commenced to run in a criminal prosecution. Nor is it clear which court — the circuit or the criminal — should hold the hearing required by Rule 3.191(p) to determine whether (j) should or should not apply, and if not, to order the defendant brought to trial in ten days. In this case, it is not clear any such window period was allotted before barring prosecution by the state in the criminal case, much less this ease.
Further, the safeguards provided to persons against whom indirect criminal contempt proceedings are brought, do not dovetail with the speedy trial rule. The judge on his or her own motion or on affidavit of a person having knowledge of the facts, issues and signs a show cause order directed to the defendant, stating the essential facts and requiring the defendant to appear to show cause why he or she should not be held in contempt of court. Fla. R.Crim. P. 3.840(a). The order must give the defendant a reasonable time to prepare a defense after service of the order. A reasonable time may exceed the ninety days stated in the speedy trial rule, if as the majority suggests, speedy trial time starts to run when the show cause order is served.
When the speedy trial rule should commence to run in an indirect criminal contempt proceeding is likewise unclear. There is no strong argument to conclude it starts to run from the service of the show cause order. That is not truly analogous to an arrest in a criminal ease. A person’s freedom is not so impacted as in a purely criminal case. Further, the indirect criminal contempt rule contains a separate provision for arrest — (c), applicable only in exceptional circumstances. The normal commencement of such proceedings does not involve an arrest. Thus the invocation of procedural protections embodied in the speedy trial rule are not necessary or required, unless a person is in fact arrested.
Finally, in my view, the application of the speedy trial rule to civil courts seeking to enforce their injunctions or orders, whether triggered by an arrest in a criminal prosecution or even a show cause order, will prove unworkable, and as a practical matter will strip the civil courts once more of their inherent powers to enforce their orders in family law cases involving domestic violence. The Legislature sought to do this once,[2] but it was held to be unconstitutional.[3] Subsequently, the Legislature restored contempt powers to the courts in that context.
I conclude from these events that violation of injunctions in cases involving domestic violence are intended to be enforced and punished by alternative methods. In one, the state may prosecute violations as a crime and the speedy trial rule should apply to that prosecution commencing with an arrest. But if sought to be enforced by a show cause order issued by the court which promulgated the injunction, I see no reason why the speedy trial rule should have any impact. Double jeopardy may possibly be applicable but that defense is not at issue in this case nor is this case ripe for that kind of analysis.
To hold otherwise strips away the circuit court’s powers to enforce and punish for violation of its injunctions and orders. The civil courts which issue injunctions and protective orders have no way of knowing whether an arrest had been made involving one of their orders, no way of requiring compliance with the time frames of the speedy trial rule, and no way of applying the “window” period embodied in the speedy trial rule to save cases from dismissal in the appropriate circumstances. Further, the courts may also have difficulty in applying the speedy trial rule to their own proceedings, since it is not clear when the speedy *545 trial rule starts to run, nor is it clear how the “window” period would apply to those proceedings. In sum, subjecting the civil courts to the speedy trial rule triggered either by the state’s prosecution or by their own show cause orders, will have the practical effect of curtailing their ability to exercise their inherent criminal contempt powers, for no compelling reason.

. Fla. R.Crim. P. 3.191.

. § 741.30(8)(a), Fla. Stat. (Supp.1994).

. See Steiner v. Bentley, 679 So.2d 770 (Fla.1996); Walker v. Bentley, 678 So.2d 1265 (Fla.1996).